IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Javan Fredrick Mays, #250287
*a/k/a Von Frederick Mayes*,
*a/k/a Von Mays*,

                    Plaintiff,

vs.

Henry McMaster, *Gov.*,
Bryan Stirling, *S.C.D.C. Director*,
S.C.D.C.,

                    Defendants.

C/A No. 4:20-cv-02176-JFA-TER

**ORDER**

## I.    INTRODUCTION

Plaintiff Javan Fredrick Mays ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

Plaintiff filed his initial complaint on June 8, 2020. (ECF No. 1). On July 16, 2020, Plaintiff was ordered to bring his case into proper form for judicial screening in an order that informed his claims were subject to dismissal as drafted and provided him with 14 days to file an amended complaint. (ECF No. 7). On August 3, 2020, Plaintiff's amended complaint was entered on the docket. (ECF No. 10).

After reviewing the second amended complaint, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 14). Finding that Plaintiff provided sufficient allegations to withstand summary dismissal of Defendant Stirling, the Magistrate Judge authorized issuance and service of process on this Defendant in a separately docketed order. (ECF No. 13). Within the Report, the Magistrate Judge opines that some of Plaintiff's claims are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. (ECF No. 14). Thus, the Report recommends that all claims against Defendants McMaster and SCDC be summarily dismissed with prejudice and without issuance and service of process. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on September 2, 2020. (ECF No. 25). Therefore, this matter is ripe for review.

## II.    STANDARD OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

2

Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

        "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

        "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.*

(citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening his lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

## III.    DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Because Plaintiff is proceeding *pro se*, the Court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Within the Report, the Magistrate Judge concluded that Plaintiff's failure to protect claim[2] should be dismissed because Plaintiff has failed to plead a personal causal connection with facial plausibility as to Defendant McMaster, as required for a plausible § 1983 claim against any particular state actor. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Rizzo v. Good*, 423 U.S. 362, 371–72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury resulting from a specific defendant's specific conduct and must show an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, the Plaintiff must show that the defendant named acted personally in the deprivation of the plaintiff's rights). To plausibly state a failure to protect claim, a plaintiff must allege sufficient factual allegations to show that a prison official had actual knowledge of a substantial risk of harm to an inmate and disregarded that substantial risk. *Parrish v. Cleveland*, 372 F.3d 294, 302–03 (4th Cir. 2004). Additionally, Plaintiff's claims for supervisor liability as to Defendant SCDC fail because SCDC is an arm of the state. Accordingly, theories of municipal liability have no application here. *McElrath v. S.C. Dep't of Corr./Golden*, No. CIV.A. 5:13-317-MGL, 2013 WL 1874852 (D.S.C. May 3, 2013). Conversely, the Magistrate Judge recommended that Plaintiff's claims against Defendant Stirling, director of SCDC, be allowed to proceed.

Plaintiff has presented no arguments that could be considered a specific objection to the Report. The vast majority of Plaintiff's objections rehash and supplement the

---

[2] This claim was asserted against Defendants SCDC, McMaster, and Stirling.

allegations in his complaint which the Magistrate addresses fully in his Report (ECF No. 14). The Court reiterates it need only review those portions of the Report to which Plaintiff has made a specific objection.

Plaintiff's "objections" are, for the most part, disagreements with the Magistrate Judge's recommendations. Within these objections, Plaintiff appears to take issue with the recommendation that Defendants McMaster and SCDC be dismissed from this action. Essentially, Plaintiff alleges that both defendants failed to enforce SCDC policies, should not be immune from suit, and should be subject to supervisor liability because of an alleged failure to implement adequate social distancing within the facility. However, these objections still fail to assert specific factual allegations to support Plaintiff's claims.[3] Additionally, these objections fail to point to any error in the Report. Accordingly, to the extent that these objections can be construed as specific objections to the Report, they are overruled.

First, from what the Court has attempted to decipher, Plaintiff attempts to object by stating the general and conclusory statement that Defendants SCDC and McMaster are not entitled to immunity. Plaintiff states that "both defendants knew or should have known that not providing plaintiff with imediate [sic] social distancing" was "deliberately, willfully, intentioning [sic], with culpable states of minds, ill wills, at all times acting under color of state law, subjecting plaintiff to imminent harms way." (ECF No. 25). Although Plaintiff states that Defendants do not have immunity, he simply rehashes arguments made in his

---

[3] Plaintiff also submitted an affidavit within his objections. (ECF No. 25). This affidavit likewise fails to allege specific facts which would support the claims subject to dismissal.

6

complaint and does not direct the Court to a specific error in the Magistrate's Report. Again, general and conclusory objections that do not direct the Court to a specific error in the Magistrate's Report are not specific objections and do not warrant *de novo* review.

Additionally, Plaintiff continually repeats the same arguments from his complaint that Defendants' alleged failure to provide social distancing of at least six feet of distance between inmates is deliberate indifference. (ECF No. 25). Plaintiff appears to argue that Defendants are violating his constitutional rights by allegedly failing to appropriately implement adequate safeguards to prevent and control the spread of COVID-19 throughout SCDC. Specifically, Plaintiff contends that lack of social distancing and inability to access testing because he did not exhibit symptoms caused him psychological distress. However, Plaintiff has not alleged any COVID-19 symptoms, lack of treatment, or direct exposure to individuals who have COVID-19. Thus, Plaintiff repeats arguments made in his complaint and prior motions filed with this Court; however, he does not point to any specific error in the Report. Lastly, in his objections, Plaintiff cites to legal authorities without providing the Court with facts to connect the authorities to the present case. (ECF No. 25). Plaintiff's paragraph of citations to legal authorities, with no explanation, does not constitute a specific objection.

In sum, repetitions of prior arguments the Magistrate Judge has already addressed and citations to legal authority are not enough to constitute a specific objection. *See Workman*, 2017 WL 4791150, at *1; *Orpiano*, 687 F.2d at 47. In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for

adopting the Magistrate Judge's recommendation. *See Camby*, 718 F.2d at 199. Thus, Plaintiff's objections are not specific and do not warrant *de novo* review.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation. (ECF No. 14). Accordingly, the claims against Defendants McMaster and SCDC are dismissed with prejudice and without issuance and service of process. This matter is recommitted to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

December 14, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge